IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES WILLIAM HOOPER,

                      Plaintiff,                         OPINION AND ORDER

    v.

                                                  12-cv-665-wmc

DEPUTY MYERS,

                      Defendant.

---

CHARLES WILLIAM HOOPER,

                      Plaintiff,                         OPINION AND ORDER

    v.

                                                  12-cv-666-wmc

CAPTAIN GARY PEDERSON, et al.,

                      Defendants.

---

      Former state inmate Charles William Hooper filed two proposed civil actions pursuant to 42 U.S.C. § 1983, both alleging that his constitutional rights were violated while he was incarcerated. Hooper also requested leave to proceed *in forma pauperis* in both cases. The federal *in forma pauperis* statute requires this court to screen all complaints filed by indigent litigants and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). Even under the lenient standard that governs *pro se* pleadings, neither of Hooper's complaints may proceed further.

ALLEGATIONS OF FACT

In addressing any *pro se* litigant's pleadings, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court accepts plaintiff's well-pleaded allegations as true and assumes the probative facts that follow.

Hooper presently resides in Chicago, Illinois. In 2009, Hooper was incarcerated by the Wisconsin Department of Corrections ("WDOC") at the Kettle Moraine Correctional Institution ("KCMI") and that he was confined at the Juneau County Jail. Both of his pending lawsuits were filed after Hooper's release from state custody.

In Case No. 12-cv-665, Hooper sues "Deputy Myers," who works as a correctional officer at KCMI. Hooper contends that Myers violated his constitutional rights by placing him in "a cold cell with no clothing, no blankets and no food for 24 hours." Hooper explains that he was housed in "segregation" or protective custody during this time following an assault by other inmates. As a result, Hooper also maintains that he was denied an opportunity to attend the feast of Ramadan, as well as "visitation, phone calls and outgoing mail by the prison." Hooper concludes his one-paragraph complaint with a request for "$1 million for the pain and suffering that was [in]flicted by the prison and Officer Myers."

In Case No. 12-cv-666, Hooper sues the following officers and deputies employed at the Juneau County Jail: Captain Gary Pederson, Deputy Saunburg, Captain Steven Coronado, Deputy Graves, Deputy Neil Neville, Deputy Fave, Deputy Tole and Deputy Cook. Again in a one-paragraph complaint, Hooper alleges in conclusory fashion that his

constitutional rights were violated in the following manner: (1) he was denied medical care for an unspecified ailment; (2) "false complaints" were filed against him; (3) he was subjected to racial epithets; (4) he was denied "equal treatment" because of his race; (5) Captain Coronado denied him the right to practice his Muslim beliefs; (6) he was denied a mattress "for weeks at a time"; (7) he was beaten by Deputies Fave, Tole and Cook at Captain Pederson's direction; and (8) he was falsely imprisoned by the State of Wisconsin. Hooper seeks $20 million in damages for the pain and suffering caused by these violations.

OPINION

Hooper may not proceed because the claims raised in the above-referenced complaints were litigated previously in this district and dismissed with prejudice pursuant to a judgment that has become final for purposes of *res judicata*. The doctrine of *res judicata*, otherwise known as claim preclusion, bars parties from relitigating those claims that were or could have been litigated previously. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (citations omitted). *Res judicata* applies if there is: "(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or privies in the two suits." *Tartt v. Northwest Comm. Hosp. and Northwest Suburban Anesthesiologists, Ltd.*, 453 F.3d 817, 822 (7th Cir. 2006) (quoting *Smith v. City of Chicago*, 820 F.2d 916, 917 (7th Cir. 1987) (citations omitted)).

The claims that Hooper now requests leave to pursue in Case No. 12-cv-665 were litigated previously against the same parties in *Hooper v. Kettle Moraine Correctional Center and Officer Myers*, Case No. 11-cv-11-slc (W.D. Wis.).  After he was granted leave to proceed with his claims against Myers, Hooper failed to participate in more than one pretrial conference and did not appear for his deposition.  When Hooper failed to respond to Myers's motion for summary judgment, the court asked Hooper to show cause why his case should not be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.  Hooper did not respond.  Therefore, the court entered judgment in favor of the defendants and dismissed Case No. 11-cv-11 on May 7, 2012.

The claims that Hooper now seeks leave to pursue in Case No. 12-cv-666 were also litigated in two earlier civil actions against the same Juneau County defendants.  *See Hooper v. Juneau County Jail, Captain Coronado, Lt. Pederson, Deputy Graves and Officer Neville*, Case No. 10-cv-743-slc (W.D. Wis.); *Hooper v. Lt. Gary Pederson, Deputy Saunburg, Deputy Fave, Deputy Tole and Deputy Cook*, Case No. 11-cv-571-slc (W.D. Wis.).  Those cases were ultimately consolidated and the defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) after Hooper failed for a third time to attend a scheduled deposition.  When Hooper also failed to respond to that motion, this court issued an order directing Hooper to show cause why Case Nos. 10-cv-743 and 11-cv-571 should not be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  Receiving no response from Hooper, the court dismissed Case Nos. 10-cv-743 and 11-cv-571 on May 11, 2012, with prejudice.

Hooper failed to pursue an appeal from the dismissal of any of these previous cases, although court records reflect that Hooper eventually filed motions for relief from the final judgment entered in Case Nos. 10-cv-743, 11-cv-11 and 11-cv-571. Hooper explained that he was unable to litigate in those cases because he was incarcerated from March through May of 2012. The court found that Hooper's explanation was false. On the contrary, the record contained evidence showing that Hooper was in custody for only one day during the pertinent time-period. Finding no valid reason for Hooper's failure to prosecute his claims, the court denied relief from these final judgments. Hooper again chose not to pursue any appeal from that decision.

Where a plaintiff does not pursue an appeal from a dismissal entered pursuant to Fed. R. Civ. P. 41(b), the dismissal operates as a final judgment on the merits for purposes of the doctrine of *res judicata*. *See Tartt*, 453 F.3d 822; *see also La Beau v. Taco Bell*, 892 F.2d 605, 607 (7th Cir. 1989) (holding that a dismissal for want of prosecution under Fed. R. Civ. P. 41(b) operates as "a binding adjudication on the merits" unless the court specifies otherwise). Based on information contained in the complaint, and taking judicial notice of court records from Case Nos. 10-cv-743, 11-cv-11 and 11-cv-571, Hooper had an opportunity to litigate the same claims that he attempts to re-assert against the same defendants in Case Nos. 12-cv-665 and 12-cv-666. Because those claims were dismissed pursuant to a final judgment on the merits, the complaints in these two pending cases must be dismissed as barred by the doctrine of *res judicata*. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *King v. Burlington N. & Santa Fe Ry.*, 538 F.3d 814, 818 (7th Cir. 2008).

ORDER

IT IS ORDERED that Plaintiff Charles William Hooper's request for leave for leave to proceed in Case Nos. 12-cv-665 and 12-cv-666 is DENIED and both of these cases are DISMISSED as barred by the doctrine of *res judicata*.

Entered this 26th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge